UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OBIE L. CRISP, III,<br><br>    Plaintiff,<br><br>  v.<br><br>J. BARRETTO, et al.,<br><br>    Defendants. | No. 2:17-cv-1577 JAM DB P<br><br>AMENDED ORDER AND FINDINGS AND RECOMMENDATIONS[1] |

  Plaintiff is a former state prisoner proceeding pro se and in forma pauperis with a civil rights action under 42 U.S.C. § 1983. Plaintiff primarily alleges that, in violation of his right to due process, he was labelled part of a security threat group and denied a temporary release to attend his mother's funeral. On August 29, 2017, based on plaintiff's request, the court dismissed this action and the case was closed. (See ECF Nos. 4, 6.) However, two months later, plaintiff filed a motion for reconsideration of the court's dismissal order. (ECF No. 7.) Therein, plaintiff explains that he mistakenly sought dismissal of this case. The court accepts plaintiff's explanation, will vacate the order dismissing this case, and will proceed to consider plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, the court finds plaintiff has failed to state potentially cognizable claims under §1983.

---

[1] This Amended Order and Findings and Recommendations corrects an inadvertent omission from the Order and Findings and Recommendations filed March 7, 2018.

1

The court will recommend dismissal of most of plaintiff's claims without leave to amend and will dismiss plaintiff's claims for a due process violation, for retaliation, and for a violation of state law with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the financial showing required by 28 U.S.C. § 1915. (ECF No. 2.) However, that determination does not end the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as

true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Hosp. Bldg. Co. v. Trustees of Rex Hosp.</u>, 425 U.S. 738, 740 (1976); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

**SCREENING**

**I.     Allegations of the Complaint**

Plaintiff identifies the following defendants: Warden Jennifer Barretto, Captain A. Ladson, Correctional Counselor Jimminez, Appeals Coordinator Lewis, Warden M. Martel, and

////

3

Does 1-5. His claims involve conduct that occurred during his incarceration at the California Health Care Facility ("CHCF").

Plaintiff contends that he was labelled a part of a security threat group ("STG") without due process and, as a result, was denied a temporary leave to attend his mother's funeral. He also alleges the STG label was made in violation of his rights under the Equal Protection Clause and in retaliation.

More specifically, plaintiff first states that the "mandated protocols" for labelling an inmate as part of a STG were "bypassed and/or ignored." He then contends that when he attempted to pursue that issue through the prison appeals process, defendants Martel and Lewis stalled and derailed his appeals. Plaintiff then contends Lewis demanded plaintiff limit the detail in his 602 appeals, which was an obstruction to his access to the appeal system and the courts. She also cancelled plaintiff's appeal D-16-02419 under "fraudulent pretenses."

Plaintiff alleges he was denied equal access to the funeral pass process and was oppressed, harassed, subjected to negligence in the approval process, and denied equal protected usage of the 602 appeals process. Plaintiff also states defendants violated state regulations in labelling him an STG member, processing his 602 appeals, and denying him a funeral pass.

Plaintiff states that he suffered severe emotional distress as a result of defendants' actions. For relief plaintiff seeks, among other things, the appointment of counsel, a permanent injunction to require CDCR to change the funeral pass approval process, and compensatory for his mental anguish and punitive damages.

**II.     Does Plaintiff State Cognizable Claims?**

Initially, the court notes that plaintiff added a notation to his complaint explaining that it is related to his case No. 2:17-cv-0580 DB P.[2] In his complaint filed in that case, plaintiff made similar allegations. He contended that defendants used his gang membership status as an excuse to deny him to the right to a temporary release to attend his mother's funeral. Crisp v. Barretto,

---

[2] In fact, plaintiff first filed the current complaint in case No. 2:17-cv-0580 DB P. However, he explained that he had intended to file a new action and the Clerk deleted the complaint from case No. 2:17-cv-0580 DB P and opened this present action.

No. 2:17-cv-0580 JAM DB P (ECF No. 1) (E.D. Cal.). The court found that plaintiff stated no cognizable claims for relief and dismissed the action without leave to amend.

Plaintiff's present complaint has the same basis – plaintiff's emotional distress at not being permitted to attend his mother's funeral – but with somewhat different legal underpinnings. In the present case, plaintiff contends defendants failed to comply with state regulations in labelling him an STG member in violation of his rights to due process and equal protection. However, plaintiff's complaint suffers many of the same problems identified by the court in dismissing plaintiff's prior case and his new allegations also fail to state any cognizable claims for relief.

**A. Relief Sought not Available**

First, plaintiff may not seek damages for emotional distress on his federal claims. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than de minimis." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) (back and leg pain and canker sore de minimis); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not de minimis ). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages arising from a constitutional violation which are not based on alleged mental or emotional injuries. Oliver, 289 F.3d at 630.

Plaintiff's request for injunctive relief is also inappropriate. Plaintiff is no longer incarcerated. Therefore, any injunctive relief against the prison would not impact him and should be dismissed as moot. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975)).

////

////

5

**B. Plaintiff's Claims**

First, as plaintiff was informed previously, the denial of a funeral pass does not state a claim cognizable under § 1983. (See Aug. 1, 2017 Order at 4 in Crisp v. Barretto, No. 2:17-cv-0580 JAM DB P.) Therefore, plaintiff's claims regarding the process involved in considering his request for a funeral pass should be dismissed with prejudice, as was done in his prior case.

Second, to the extent plaintiff is alleging he was improperly labelled a gang member, plaintiff's complaint is inadequate. A violation of state regulations does not state a federal claim. Rather, to show that he was so labeled in violation of his due process rights, plaintiff must show that the decision to label him a gang member was not supported by any evidence. See Superintendent v. Hill, 472 U.S. 445, 455 (1985); Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (prison official's decision to label defendant a gang member need only be supported by "some evidence"). Plaintiff is advised that the Due Process Clause requires only that the prison provide the prisoner with adequate notice, an opportunity to present his views, and periodic review. See Toussaint v. McCarthy, 801 F.2d 1080, 1100–01 (9th Cir.1986), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472, 481–84 (1995). To state a cognizable due process claim in any amended complaint, plaintiff will need to allege facts explaining how defendants' conduct failed to satisfy these Fourteenth Amendment standards. In addition, plaintiff must identify the defendant or defendants responsible for labeling him an STG member. Plaintiff will be given an opportunity to amend this claim.

Third, with respect to plaintiff's claim against defendants Lewis and Martel for the way in which they handled his inmate appeals, plaintiff is advised that prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also, e.g., Wright v. Shannon, No. CIV F–05–1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F–09–0931 YNP PC, 2009 WL

5088788, at *6–7 (E.D. Cal. Dec.17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S–08–2833 LKK EFB P, 2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights). Plaintiff's claims against Lewis and Martel should be dismissed without leave to amend.

Fourth, plaintiff's identification of "retaliation/reprisal" as a claim has no basis in the facts he has alleged. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote and citations omitted). Besides stating that he suffered an adverse action, plaintiff does not state facts establishing any of the other elements of a retaliation claim. Plaintiff will be given an opportunity to file an amended complaint to attempt to state a claim.

Fifth, with respect to plaintiff's attempt to assert state law claims, he is advised that section 945.4 of the Government Claims Act provides that

> [n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division *until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board*, in accordance with Chapters 1 and 2 of Part 3 of this division.

Cal. Gov't Code § 945.4 (emphasis added). Section 950.6 provides that

> "[w]hen a written claim for money or damages for injury has been presented to the employing public entity: (a) a cause of action for such injury may not be maintained against the public employee or former public employee whose act or omission caused such injury *until the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity*."

Cal. Gov't Code § 950.6 (emphasis added). See also Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1225 (E.D. Cal. 2009) ("A plaintiff's supplemental state law claims against a

7

California public agency are barred unless the plaintiff has complied with the requirements of the [Government] Claims Act before commencing a civil action.") (citing Mangold v. Cal. Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995)).

The claims-presentation requirement "constitutes an element of any cause of action arising under the Government Claims Act." Mohsin v. Cal. Dep't of Water Res., 52 F. Supp. 3d 1006, 1017-18 (E.D. Cal. 2014). Failure to meet this requirement subjects a claim to dismissal for failure to state a cause of action. Yearby v. California Dep't of Corr., No. 2:07–cv–2800 JAM KJN P, 2010 WL 2880180, at *4-5 (E.D. Cal. July 21, 2010), rep. and reco. adopted, 2010 WL 3769108 (E.D. Cal. Sept. 22, 2010). "Plaintiffs must 'allege facts demonstrating or excusing compliance with the claim presentation requirements.'" Butler v. Los Angeles County, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008) (quoting State v. Superior Court (Bodde), 32 Cal. 4th 1234, 1239 (2004) (holding that "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action")). Because plaintiff has not alleged that he complied with the Government Claims Act, his state law claims will also be dismissed, with leave to amend to demonstrate such compliance. Plaintiff is also warned that if the court finds he has not stated a cognizable federal claim, the court will dismiss his state law claim even if he has complied with the Government Claims Act. See 28 U.S.C. § 1367.

Sixth, plaintiff is advised that his allegations of a conspiracy do not, in themselves, state "a constitutional tort under § 1983." A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (en banc) (citations omitted).

**CONCLUSION**

Plaintiff fails to state claims under § 1983 for damages for emotional distress, for injunctive relief, regarding the denial of a funeral pass, and regarding the prison's appeals process. The court finds that permitting plaintiff to amend these claims would be futile. Accordingly, the court will recommend they be denied with prejudice. See California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also

Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

The court additionally finds that plaintiff may be able to state claims for a violation of his due process rights when he was labeled an STG member, for retaliation, and for violations of state law. Plaintiff will be given an opportunity to attempt to re-state his federal claims to make them cognizable under § 1983 and to re-state his state law claims to show that he has complied with the Government Claims Act. To permit the court to make that determination, plaintiff must do the following in an amended complaint:

- To describe a claim, plaintiff must: (a) identify a person, (b) briefly describe what that person did or did not do, and (c) explain why that person's conduct violated plaintiff's constitutional rights.
- Plaintiff's amended complaint must contain any claim he wishes to bring in this case. Plaintiff may not refer back to filings made previously. Once an amended pleading is filed, the original pleading no longer serves any function in the case. E.D. Cal. R. 220.

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. This Amended Order and Findings and Recommendations replaces the Order and Findings and Recommendations issued on March 7, 2018. That prior filing (ECF No. 8) is vacated.
2. The court's August 29, 2017 order (ECF No. 6) dismissing this action is vacated and the Clerk of the Court is directed to reopen this case.
3. Plaintiff's complaint is dismissed with leave to amend. Plaintiff may amend his claims alleging a violation of his due process rights when he was labeled a member of an STG and alleging retaliation. In addition, plaintiff may amend his complaint to show that he has complied with the Government Claims Act so that this court may consider his state law claims.
4. Within thirty days of the date of this order, plaintiff may file a first amended complaint.

5. Failure to comply with this order may result in a recommendation that this action be dismissed.

Further, IT IS HEREBY RECOMMENDED that plaintiff's claims regarding the process involved in denying him a funeral pass, regarding the prison's appeals process, seeking damages for emotional distress, and seeking injunctive relief be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 20, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/cris1577.scrn(2)